PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WISSAM T. HAMMOUD, | ) | |
| | ) | CASE NO. 4:20CV1668 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 1] |

*Pro Se* Plaintiff Wissam T. Hammoud filed a motion seeking an "Emergency Restraining Order/Preliminary Injunction" pursuant to Fed. R. Civ. P. 65(a) and (b) and 42(a)[1] ("the motion") (ECF No. 1) against Defendant Mark Williams, the Warden at FCI Elkton. Plaintiff did not file a complaint or other pleading. Plaintiff was a federal inmate incarcerated at FCI Elkton when the motion was filed.[2]

---

[1] Rule 42 does not govern procedures concerning injunctive relief. Rather, it concerns consolidation and separate trials.

[2] According to the Bureau of Prisons ("BOP") website (http://www.bop.gov/inmateloc/ (last visited November 30, 2020)), Plaintiff is currently housed at FCI Loretto.

Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").

(4:20CV1668)

For the reasons that follow, this action is dismissed.

## I. Background

In the motion, Plaintiff asks that the Court order Defendant to direct his administrative staff to "stop all 'retaliation,' 'racial profiling,' and to 'reinstate his telephone privileges' until he has exhausted all his legal options during this COVID-19 Pandemic, and crisis at this institution."[3] Plaintiff states that he is on "close monitoring" due to the false allegations that he is an associate of an international terrorist. ECF No. 1 at PageID #: 1.

Hammoud alleges that FCI Elkton staff started harassing him when he arrived by holding his property for over six weeks, delaying delivery of his newspapers for several days, delaying his mail for up to 21 days, and delaying his emails for up to four days.[4] Hammoud claims that Lt. Shaffer told him to stop complaining about his mail and email or he would receive an incident report and be placed in segregated housing. ECF No. 1 at PageID #: 1.

Plaintiff filed a prison complaint against "several government officials" and sought the assistance of his assigned psychologist, Dr. Richardson, regarding the delay of his mail. ECF No. 1 at PageID #: 1. Plaintiff alleges that Lt. Smith "retaliated" by filing an incident report concerning Plaintiff's communication with Dr. Richardson, ECF No. 1 at PageID #: 1, and charging him with "[s]talking another person through repeated behavior which harasses, alarms,

---

[3] Plaintiff asserts he tested positive for COVID-19. See ECF No. 1 at PageID #: 2.

[4] In 2019, U.S. District Judge Sara Lioi dismissed a similar motion for injunctive relief from Plaintiff, which was also filed without a complaint. See Hammoud v. Williams, No. 4:19CV0771, 2019 WL 2373331 (N.D. Ohio June 5, 2019).

2

(4:20CV1668)

or annoys the person, after having been previously warned to stop such conduct[.]" ECF No. 1-4 at PageID #: 12. A disciplinary hearing was conducted and Plaintiff was found guilty of the charges and sanctioned 30 days in segregated housing, loss of 27 days of good time credit, and loss of 180 days of telephone privileges. *See* ECF No. 1 at PageID #: 1-2; ECF No. 1-5 at PageID #: 16. Plaintiff appealed, but has not yet received a response, "the process is long and could take several month[s] before a decision is made[,] [and he] 'needs his family support more than ever,' since he can no longer trust psychology services [at FCI Elkton] or any staff." ECF No. 1 at PageID #: 2; *see also* ECF No. 1-6.

Plaintiff argues that he will suffer if the Court does not provide injunctive relief to restore his telephone privileges because he needs to contact his family for support and cannot wait until he exhausts the Bureau of Prisons' administrative process. He asks the Court to issue an emergency order restraining the Bureau of Prisons and FCI Elkton staff from further discrimination and retaliation, and restoring his telephone privileges. ECF No. 1 at PageID #: 2.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against a

3

(4:20CV1668)

defendant on behalf of a *pro se* plaintiff. See Grinter v. Knight, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

### III. Discussion

#### A. To the extent the Court has jurisdiction, the motion is denied

In order to initiate an action in federal court, a complaint must be filed. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Plaintiff has filed a motion seeking an "Emergency Restraining Order/Preliminary Injunction" (ECF No. 1), not a complaint. The benefit of liberal construction afforded *pro se* litigants does not excuse *pro se* parties from complying with the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff's failure to properly commence an action in federal court in accordance with the Federal Rules of Civil Procedure renders this action subject to dismissal on that basis alone. See Gardner v. McQueen, No. 2:16-cv-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017) (dismissing motion for injunctive relief filed in the absence of a complaint for lack of jurisdiction) (quoting Powell v. Rios, 241 Fed.Appx. 500, 505 n.4 (10th Cir. 2007); accord Adair v. England, 193 F. Supp.2d 196, 200 (D. D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); P.K. Family Restaurant v. Internal Revenue Serv., 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (Aldrich, J.) ("Absent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief.")).

To the extent that the Court has jurisdiction, the motion is denied on the merits. The purpose of a motion for injunctive relief is to "maintain the relative positions of the parties until proceedings on the merits of a complaint can be conducted." Hammoud, 2019 WL 2373331, at

4

(4:20CV1668)

*2 (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).  The Court considers four factors when determining whether to grant or deny a motion for a temporary restraining order or for a preliminary injunction.  These factors are: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378, 385 (6th Cir. 2020) (quoting *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)).

As an initial matter, Plaintiff does not ask the Court to maintain the status quo, but rather to upend the sanctions imposed upon him by a prison disciplinary process.[5]  Moreover, in the

---

[5] To the extent Plaintiff's motion seeking an "Emergency Restraining Order/Preliminary Injunction" (ECF No. 1) challenging the disciplinary process and sanctions imposed could be construed as a petition for relief pursuant to 28 U.S.C. § 2241, the petition must be dismissed.  "It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies." *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (Lioi, J.) (citing, among others, *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).  That said, "*Luedtke* forbids a court from dismissing a § 2241 petition at the screening stage for failing to plead exhaustion or to attach exhibits with proof of exhaustion, but it does not prohibit a court from sua sponte dismissing a § 2241 petition where lack of exhaustion is apparent from the face of the pleading." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke*, 704 F.3d at 466).

Plaintiff acknowledges he has not exhausted his administrative remedies, claiming the process could take several months.  *See* ECF No. 1 at PageID #: 2.  And even if the motion could be construed as a § 2241 petition not subject to dismissal on exhaustion grounds, the Court cannot reverse the outcome of a prison disciplinary process or the sanctions imposed except under narrow and limited circumstances that are not apparent here from Plaintiff's allegations.  *See Corporan v. Fed. Bureau of Prisons*, No.

(continued...)

(4:20CV1668)

absence of legal claims presented to the Court in the form of a complaint, the Court cannot assess Plaintiff's likelihood of success on the merits of those claims. Accordingly, to the extent that the Court has jurisdiction to consider Plaintiff's motion seeking an "Emergency Restraining Order/Preliminary Injunction" (ECF No. 1), the motion is denied. *See* Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

### B. Plaintiff fails to state a *Bivens* claim

To the extent the motion could be construed as a complaint, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Because Plaintiff asserts allegations against a federal employee, such an action must be brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Sullivan v. United States, 90 Fed.Appx. 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*).

*Bivens* provides a cause of action against federal officials for certain limited constitutional violations of the Fourth, Fifth, and Eighth Amendments. *See* Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-69 (2001). Even construing the motion as asserting a *Bivens* claim, none of the allegations fit within the limited causes of action against federal officials permitted

---

[5](...continued)
4:07CV3657, 2008 WL 343152, at *2 (N.D. Ohio Feb. 5, 2008) (Boyko, J.) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985)).

(4:20CV1668)

by *Bivens* and its progeny, and the expansion of *Bivens* remedies is disfavored. See *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

      And even if Plaintiff asserted a cause of action permitted by *Bivens* and its progeny, this action would still be subject to dismissal. *Bivens* claims can only be brought against federal officials in their individual capacity. In order to do so, Plaintiff must allege facts plausibly suggesting the defendant was personally involved in the alleged deprivation of Plaintiff's constitutional rights. See *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). It is well-settled that *respondeat superior* alone cannot form the basis of liability in a *Bivens* action. See *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003). Here, even liberally construing Plaintiff's motion seeking an "Emergency Restraining Order/Preliminary Injunction" (ECF No. 1) as a complaint, Plaintiff fails to allege a plausible *Bivens* claim against Defendant because he does not identify any unconstitutional conduct on the part of the Warden who cannot be liable under *Bivens* solely based upon his right to control the employees at FCI Elkton or simple awareness of their conduct. See *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

      Accordingly, to the extent the motion could be construed as a *Bivens* action against Defendant, Plaintiff fails to state a claim upon which relief could be granted and any such claim is dismissed pursuant to 28 U.S.C. § 1915(e).

(4:20CV1668)

## IV. Conclusion

For all of the foregoing reasons, this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Wissam T. Hammoud, #39876-018, FCI Loretto, P.O. Box 1000, Cresson, Pennsylvania 16630.


IT IS SO ORDERED.


| | |
|---|---|
| November 30, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |